STATE v. RAMER

[146 N.C. App. 611 (2001)]

Appeal dismissed.

Judges HUNTER and TYSON concur.

———————

STATE OF NORTH CAROLINA v. JAMES WOODROW RAMER

No. COA00-1094

(Filed 16 October 2001)

1. **Confessions and Incriminating Statements— intelligent and understanding waiver of Miranda rights—defendant with third grade reading ability**

The trial court did not err in a first-degree statutory sexual offense case under N.C.G.S. § 14-27.4(a)(1) by denying defendant's motion to suppress the statement defendant gave to detectives even though defendant contends his third grade reading ability prevented him from intelligently and understandingly waiving his Miranda rights because the trial court found that defendant understood his rights, and therefore, defendant's reading ability is not material to this inquiry.

2. **Evidence— expert testimony—opinion—sexual abuse**

The trial court did not err in a first-degree statutory sexual offense case under N.C.G.S. § 14-27.4(a)(1) by allowing a licensed clinical social worker accepted as an expert at trial to testify the child was sexually abused, because: (1) an expert may testify to his opinion that a child has been sexually abused as long as this conclusion relates to a diagnosis based on the expert's examination of the child during the course of treatment; and (2) even though the expert testified he based his opinion in part on statements the child made to him during treatment, the expert was qualified to provide his opinion when he provided therapy to the child over a period of several months prior to his testimony.

On writ of certiorari to review order dated 22 May 1998 by Judge C. Preston Cornelius in Davidson County Superior Court. Heard in the Court of Appeals 18 September 2001.

STATE v. RAMER

[146 N.C. App. 611 (2001)]

*Attorney General Roy Cooper, by Assistant Attorney General Elizabeth J. Weese, for the State.*

*James Woodrow Ramer pro se defendant-appellant.*

GREENE, Judge.

James Woodrow Ramer (Defendant), by writ of certiorari, appeals his conviction of first-degree statutory sexual offense, N.C.G.S. § 14-27.4(a)(1) (1994), for engaging in a sexual act with a child under the age of thirteen.

[1] Defendant makes two arguments in support for a new trial. We reject both of these arguments. Defendant first argues the trial court erred in denying his motion to suppress the statement he gave to detectives of the Davidson County Sheriff's Department. Defendant contends his third grade reading ability (a fact not in dispute) prevented him from intelligently and understandingly waiving his Miranda rights. The trial court found Defendant "was read the standard [Miranda] rights form [and] indicated that he understood that form." The trial court then concluded the statement was "freely and voluntarily given." A defendant's statement given after Miranda warnings is admissible if the defendant is fully aware of the nature of the rights being waived and the consequence of such a waiver.[1] *Moran v. Burbine*, 475 U.S. 412, 421, 89 L. Ed. 2d 410, 421 (1986). In this case, the trial court found Defendant understood his rights, and Defendant's reading ability is therefore not material to this inquiry.[2]

[2] Defendant finally argues the trial court erred in allowing a licensed clinical social worker, accepted as an expert by the trial

---

1. Of course, the statement must also be the product of a free and deliberate choice, *Moran v. Burbine*, 475 U.S. 412, 421, 89 L. Ed. 2d 410, 421 (1986), but Defendant does not argue police coercion on this appeal.

2. Defendant also argues that because he could read at only a third grade level, it was error to allow the State to present into evidence his written statement given to the sheriff detectives. Our review of the record, however, does not reveal this statement was presented into evidence at trial. In any event, the undisputed evidence is that the written statement (prepared by one of the detectives) was read to Defendant and he agreed before signing the statement that it correctly reflected his oral statement. Thus, the failure of the trial court to make findings on Defendant's ability to read and understand the written statement is not material. *See State v. Hipps*, 348 N.C. 377, 400, 501 S.E.2d 625, 639 (1998), *cert. denied*, 525 U.S. 1180, 143 L. Ed. 2d 114 (1999) (rejecting argument that the defendant's statement written by a police officer and read back to the defendant for verification should be suppressed because of defendant's reading impairment and low IQ rendered him unable to understand and knowingly waive his rights).

court, to testify the child was sexually abused. We disagree. "[A]n expert may testify to his opinion that a child has been sexually abused as long as this conclusion relates to a diagnosis based on the expert's examination of the child during the course of treatment." *State v. Youngs*, 141 N.C. App. 220, 227, 540 S.E.2d 794, 799 (2000), *cert. denied*, 353 N.C. 397, 547 S.E.2d 430 (2001). In this case, the expert had provided therapy to the child over a period of several months prior to his testimony and thus was qualified to offer his opinion that the child was sexually abused. This is so even though the expert testified he based his opinion in part on statements the child made to him during the treatment. *See State v. Stancil*, 146 N.C. App. 234, 240, —— S.E.2d ——, —— (2001) (expert is precluded from offering opinion that child has been sexually abused if child's statement is the only foundation). Accordingly, we find no error.

Affirmed.

Judges CAMPBELL and THOMAS concur.